# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | |
|---|---|
| ZEBEDEE LEGREE, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>LARRY CHISOLM, District Attorney, )<br>individually and in his official )<br>capacity; and DETECTIVE POLITE, )<br>individually and in his official )<br>capacity, )<br>)<br>Defendants. ) | Case No. CV411-077 |

## REPORT AND RECOMMENDATION

Before the Court is Zebedee Legree's 42 U.S.C. § 1983 civil rights complaint. Doc. 1. The Court granted him leave to proceed *in forma pauperis* on the condition that he return a Prisoner Trust Account Statement form and a Consent to Collection of Fees from Trust Account form. Doc. 4. He has returned the two forms, doc. 5 & 6, so the case is ready to proceed.

The Prison Litigation Reform Act ("PLRA") requires federal courts to conduct early screening of all prisoner suits against governmental entities or officials for the purpose of identifying claims that are subject to immediate dismissal as frivolous, malicious, or legally

insufficient. 28 U.S.C. § 1915A (courts must identify "cognizable claims" filed by prisoners or other detainees and dismiss claims which are frivolous, malicious, fail to state a claim for relief, or seek monetary relief from a defendant immune from such relief); 42 U.S.C. § 1997e(c)(2) (allowing dismissal on the same four standards provided by § 1915A as to any prisoner suit brought "with respect to prison conditions"). The Court will therefore examine the complaint to determine whether it states a colorable claim for relief.

Legree, following a recent pattern of cases from his jail, seeks to enjoin what he characterizes as a bad faith criminal prosecution in state court. Doc. 1 at 2 ("Petitioner seeks a seize and desist order . . . ."); *id.* at 8-9 (same).[1] He then explains how various police officers deceptively questioned him while he was incarcerated on other charges, how they also charged his wife, and how, at bottom, "there is no evidence to suppor[t] a conviction[,] only speculation and on [the] testimony of a confessed criminal looking for and trying to get a reduction on [an] existing case." *Id.* at 2-3. Legree seeks to litigate here the procedural defects that he insists inhere within the state court proceedings. *Id.* at 4

---

[1] Attached is his state court docket sheet showing theft and other charges pending against him.

(repetitious charges in the indictment, so he would like this Court to merge them); *id.* at 5 (he wants to file a motion to sever), and so forth. He seeks no money damages, *id.* at 9, only "costs and attorney fees." *Id.*

However, "[a]ttentive to the principles of equity, comity, and federalism, the Supreme Court has recognized that federal courts should abstain from exercising jurisdiction in suits aimed at restraining pending state criminal prosecutions." *Jackson v. Georgia*, 273 F. App'x 812, 813 (11th Cir. 2008) (citing *Younger v. Harris*, 401 U.S. 37 (1971)). Consequently, this Court may not interfere with the state criminal proceedings unless: (1) there is a "great and immediate" danger of irreparable harm to be suffered as a result of the prosecution; (2) the state law is flagrantly and patently violative of the federal constitution; (3) there is a showing of bad faith or harassment; or (4) other unusual circumstances call for equitable relief. *Mitchum v. Foster*, 407 U.S. 225, 230 (1972) (citing *Younger*, 401 U.S. at 46-54); *Cole v. State of Florida*, 2010 WL 2711861 at * 3 n. 4 (N.D. Fla. Jun. 3, 2010).

Legree does not offer "a 'substantial allegation' showing actual bad faith." *Hudson v. Hubbard*, 358 F. App'x 116, 118 (11th Cir. 2009) (footnote omitted). "Under *Younger*, intervention cannot be predicated

on mere allegations; rather, the federal plaintiff must prove bad faith or harassment before intervention is warranted." *Phelps v. Hamilton*, 59 F.3d 1058, 1066 (10th Cir.1995); *see Juidice v. Vail*, 430 U.S. 327, 338 (1977). Nor does he show that any of the other exceptions to the *Younger* doctrine apply in this case.

Instead of running to federal court, Legree should raise his contentions before the state courts, which are perfectly capable of determining whether his federal rights have been violated. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999) ("State courts, like federal courts, are obliged to enforce federal law.")

For that matter, to the extent plaintiff seeks immediate release from confinement, he is in substance bringing a 28 U.S.C. § 2241 habeas action, not a § 1983 claim. *See Hudson* 358 F. App'x at 119 (citing *Medberry v. Crosby*, 351 F.3d 1049, 1062 (11th Cir. 2003)); *see also Wilkinson v. Dotson*, 544 U.S. 74, 77 (2005) ("[A] prisoner in state custody cannot use a § 1983 action to challenge 'the fact or duration of his confinement.'") (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973)); *Wolff v. McDonnell*, 418 U.S. 539, 553-55 (1974) (delineating distinctions between using § 1983 to pursue damages, and habeas for

claims affecting confinement). But to do that he must first exhaust his state court remedies.[2] If he wishes to proceed with such a claim, he should file a 28 U.S.C. § 2241 habeas petition, but he is advised that such a petition would likely be subject to immediate dismissal for lack of exhaustion (for again, he should exhaust his state court remedies first).

Plaintiff Zebedee Legree's complaint should be **DISMISSED**, as it bears not even the slightest hint that it can be cured with a "second-chance" amendment. *Cf. Langlois v. Traveler's Ins. Co.*, 2010 WL 4146153 at * 1-2 (11th Cir. Oct. 22, 2010) (pro se IFP litigant should have been afforded an opportunity to amend deficiencies prior to dismissal where fewer than 21 days had passed since she had filed her complaint, defendants had not yet been served, no responsive pleadings

---

[2] Plaintiff does not plead, nor can he credibly claim, that judicial review is not available to him in the Georgia courts:

> So long as review is available in the Georgia courts . . . "this Court is precluded from the consideration of the substance of [Legree's claims] until the issues have been squarely and fairly presented to the Georgia courts for their consideration." *Fields v. Tankersley*, 487 F. Supp. 1389, 1391 (S.D. Ga. 1980). As Petitioner apparently has not sought relief in state court, he has not exhausted his state court remedies. *See Castille v. Peoples*, 489 U.S. 346, 109 S. Ct. 1056, 103 L. Ed. 2d 380 (1989) (holding that a claim is only exhausted if it was presented to the state courts under remedies available under state law).

*Ellis v. Unnamed Defendant*, 2010 WL 3842806 at * 1 (N.D. Ga. Sep. 28, 2010); *see also* 28 U.S.C. § 2254(b), (c).

had been filed, there was no risk of undue prejudice, there was no evidence of plaintiff's undue delay, bad faith, or dilatory motive, and amendment may not have been futile given additional documentary evidence attached to her appellate brief).

**SO REPORTED AND RECOMMENDED** this __25th__ day of April, 2011.

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT of GEORGIA



# Chatham County
## Court Case Search System

New Search | Contact Information | Map & Directions | S.O.R.T.

## Case Details

### Case Information

| | |
|---|---|
| Court: | Superior |
| Case Number: | CR100456 |
| Case Type: | THEFT-F |
| Judge: | HONORABLE JOHN MORSE |
| Style: | State VS LEGREE, ZEBEDEE |
| Assistant District Attorney: | NATHANAEL WRIGHT |
| Date Filed: | 2/24/2010 |
| Status: | ACTIVE |
| Superior Court Fines: | Check for Court Fines |
| Next Event: | 8/18/2011 STATUS CONFERENCE HEARING |

### Defendant Information

| | |
|---|---|
| DIN: | X0006299 |
| Name: | LEGREE, ZEBEDEE |
| Date of Birth: | |
| SSN: | Blocked |
| Race: | AFRICAN AMERICAN |
| Gender: | MALE |
| Height: | 68 |
| Weight: | 178 |
| Eye Color: | BROWN |
| Hair Color: | BLACK |
| Address: | |
| Prior Address: | |

### Attorney Information

AMY IHRIG - 540 EAST OGLETHORPE AVE  SAVANNAH  GA  31401

### Bondsman Information

N/A

### Charges

| Charge | Description | Counts | Severity | Charge |
|---|---|---|---|---|
| 16-8-3 | THEFT BY DECEPTION | 1 | FELONY | 2/13/20 |
| 16-10-23 | IMPERSONATING A PUBLIC OFFICER | 1 | FELONY | 2/13/20 |
| 30-5-8(A)(1) | ABUSE OF DISABLED OR ELDER PERSON | 1 | FELONY | 2/13/20 |
| 16-8-3 | THEFT BY DECEPTION | 1 | FELONY | 2/23/20 |
| 16-8-3 | THEFT BY DECEPTION | 1 | FELONY | 2/23/20 |
| 30-5-8(A)(1) | ABUSE OF DISABLED OR ELDER PERSON | 1 | FELONY | 2/24/20 |

### Proceedings

| Code | Date | Time | Action | Judge | Details |
|---|---|---|---|---|---|
| STATUS CONFERENCE HEARING | 8/18/2011 | 09:00AM | | HONORABLE JOHN MORSE | |
| CERTIFIED MAIL RECEIPT | 3/18/2011 | | | | 7004 1160 0005 74 |
| PRO SE LETTER RECEIVED AND CLERKS RESPONSE | 3/4/2011 | | | | |
| SPECIAL DEMURRER | 3/3/2011 | | | | |
| CALENDAR CALL | 2/28/2011 | 09:00AM | RESCHEDULE EVENT | HONORABLE JOHN MORSE | |
| PLEA OF NOT GUILTY | 2/24/2011 | | | | |
| CALENDAR CALL | 2/24/2011 | 09:00AM | | HONORABLE JOHN MORSE | |
| DEFENDANTS DISCOVERY DISCLOSURE | 2/18/2011 | | | | DEF DISCOVERY E CONSOLIDATED M SVC/ |
| SUBSTITUTION OF COUNSEL | 2/18/2011 | | | | AMY IHRIG IN PLA |
| DEFENDANTS ELECTION TO PROCEED UNDER OCGA 17-16-1 | 2/9/2011 | | | | |

| | | | | | |
|---|---|---|---|---|---|
| ENTRY OF APPEARANCE | 2/9/2011 | | | | STEVE MCCUSKER, |
| CALENDAR CALL | 1/10/2011 | 09:00AM | RESCHEDULE EVENT | HONORABLE JOHN MORSE | |
| CALENDAR CALL | 9/7/2010 | 09:00AM | | HONORABLE JOHN MORSE | |
| BENCH WARRANT ISSUED | 8/6/2010 | | | | |
| CALENDAR CALL | 6/7/2010 | 09:00AM | | HONORABLE JOHN MORSE | |
| CALENDAR CALL | 6/7/2010 | 09:00AM | RESCHEDULE EVENT | HONORABLE JOHN MORSE | |
| CALENDAR CALL | 3/15/2010 | 10:30AM | | HONORABLE JOHN MORSE | |
| SCREENING | 2/25/2010 11:48:07 AM | | | | Initial Case Screen |
| INDICTMENT | 2/24/2010 | | | | |

New Search

Chatham County Court Case Lookup System
133 Montgomery Street, Savannah, Ga 31401

**Disclaimer**